*Commissioner of the Department of Disabilities, Aging, and Independent Living v. Homestead at Pillsbury*, 618-11-18 Wncv (Teachout, J., July 9, 2019)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

**SUPERIOR COURT**                                                    **CIVIL DIVISION**
**Washington Unit**                                                    **Docket No. 618-11-18 Wncv**

**Commissioner of the Department of Disabilities,**
**Aging, and Independent Living**
        **Plaintiff**


        **v.**


**Homestead at Pillsbury et al.**
        **Defendants**


## ENTRY
## Mr. White's Motion to Intervene (MPR 31)

Mr. Andrew White has filed a Rule 24(a)(2) motion to intervene in this case. He claims an "indirect" ownership interest in the facilities under receivership or the various limited liability companies with ownership interests in them.

"Upon timely application" under Rule 24(a)(2), intervention is warranted "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Mr. White represents that he is the "indirect owner of a greater than 90% interest in East Lake Capital Management, LLC (ELCM)," which, in turn, "indirectly" owns 100% of the defendant "Management" LLCs and has "indirect" minority interests in the remaining defendant LLCs. By "indirect," Mr. White purports to refer to "several layers of LLCs" without further explanation. *See* Andrew White's Reply in Support of Motion to Intervene 2 (filed June 26, 2019). Mr. White represents that the Delaware Court of Chancery placed ELCM under receivership and has appointed a receiver for ELCM who is hostile to his "interests." He claims to need to intervene in this case to ensure that these interests are adequately represented due to the hostility of the Delaware receiver.

Mr. White's motion is denied for several reasons. Most importantly, the court is unable to evaluate Mr. White's *interests* for Rule 24 purposes. As he describes them, his interests are his LLC ownership interests. All those interests he describes are "indirect," by which he means that there are "several layers of LLCs" between him personally and those entities he claims to indirectly own. Nowhere in the record of this case is there any comprehensive and cogent explanation of all relevant ownership interests and, perhaps more important, the contractual interests that define the relationships among the various interested business entities. Mr. White makes some generalized allegations about his ownership interests and seeks relief based on those generalizations. He does not offer to explain those ownership interests with any meaningful

specificity and does not at all address the contractual relationships among the business entities at all. This is insufficient to support intervention as of right.

Second, Mr. White's intervention argument is premised on his claim that he and the Delaware receiver have a hostile relationship. To the extent that Mr. White seeks a forum to do battle with the Delaware receiver, he should seek it in the court that appointed the Delaware receiver. The receiver in this case is not and has never been the Delaware receiver. Moreover, the receiver here is an officer of the court, not an adverse party, and is presumed to adequately represent the interests of absentees. See 7C Wright & Miller et al., Federal Practice & Procedure: Civil 3d § 1909. While Mr. White claims that his interests are adverse to those of the Delaware receiver, he has offered no showing, much less a compelling one, that his interests are not adequately represented by the receiver in this case.

Finally, the motion is untimely. The court appointed a temporary receiver in this case in November 2018 and decided to appoint a permanent receiver in January 2019. The Delaware court placed ELCM under receivership in February 2019. Mr. White does not purport to have relevant ownership interests outside the scope of these receiverships. He thus lost all relevant control to the various receivers long ago. Mr. White no doubt has been aware of the litigation, he vigorously and unsuccessfully opposed the institution of a receivership in this case, and there is no material showing that anything impeded his ability to seek intervention before now. In the circumstances of this case, Mr. White simply waited too long to seek intervention.

Mr. White's Motion to Intervene is *denied*.

Dated at Montpelier, Vermont this _____ day of July 2019.


_____

Mary Miles Teachout
Superior Judge